Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LUIS MUNOZ, *individually and on behalf of others similarly situated,*

                     *PLAINTIFF*,

ALFONSO VALBUENA, ERNESTINA HERRERA,
SPICY PIZZA CORP. (dba Spicy Pizza)

                     *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and**

**CLASS ACTION UNDER FRCP 23**

**ECF Case**

Plaintiff Luis Munoz, brings this Class and Collective Action Complaint on behalf of themselves and similarly situated co-workers against Spicy Pizza Corp. (dba Spicy Pizza), Alfonso Valbuena, and Ernestina Herrera, (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

1

# NATURE OF ACTION

1. This Class and Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, unlawful deductions for Plaintiff and similarly situated co-workers who have been employed by Defendants to work in Spicy Pizza Corp. (dba Spicy Pizza) for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff is a former employee of Defendants, who was employed to, among other things, prepare pizza, deliver food, and wash dishes for Spicy Pizza Corp. (dba Spicy Pizza).

3. As described herein, Individual Defendants Alfonso Valbuena and Ernestina Herrera ("Individual Defendants") employed Plaintiff for the purposes of the instant claims.

4. Spicy Pizza Corp. (dba Spicy Pizza) is a New York Corporation with its located at 43-22 43rd Avenue, Sunnyside, New York 11104.

5. Individual Defendants Alfonso Valbuena and Ernestina Herrera operate and control Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6. At all relevant times, Plaintiff regularly worked for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked.

7. At all relevant times, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9. Defendants conduct extended beyond Plaintiff to all other similarly situated employees.

10. Plaintiff now brings this Class and Collective Action on behalf of themselves and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

11. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

12. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 USC § 1367.

14. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

16. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, and because a substantial part of the events that are the subject of the litigation transpired in this District.

## **COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

17. Plaintiff brings his FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after <u>2015</u> who elect to opt-in to this action (the "FLSA Collective").

18. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

19. As part of his regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

   b. Willfully failing to keep records that satisfy statutory requirements.

20. At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

21. The claims of Plaintiff stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

22. Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

23. Defendants unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from <u>2015</u> and the date of final judgment in this matter ("the Class").

25. Excluded from the Class are, *inter alia*, Defendants employees who will submit timely and otherwise proper requests for exclusion from the Class.

26. On information and belief, the size of the Class is roughly 50 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

27. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

c. Whether Defendants misclassified Plaintiff and members of the Class as exempt;

d. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

e. Whether Defendants policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f. The nature and extent of class-wide injury and the measure of damages for those injuries.

28. Plaintiff's claims are typical of the Class's claims that they seek to represent.

29. Defendants employed Plaintiff and the Class in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages as a result of Defendants non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants failure to compensate them due to Defendants common policies, practices and patterns of conduct.

30. Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiff understands that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the Class's interests. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

31. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants practices.

32. This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

*Plaintiff Luis Munoz*

33. Plaintiff Luis Munoz ("Plaintiff") is an adult individual residing in Bronx County, NY. Plaintiff was employed by Defendants starting 2015 and was employed until on or about April 12, 2020. At all relevant times to this complaint, Plaintiff was employed by Defendants to work in their pizzeria, named Spicy Pizza and located at 43-22 43rd avenue, Sunnyside, New York 11104.

34. Plaintiff consents to be a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

35. Individual Defendants have owned, operated and controlled Spicy Pizza Corp. (dba Spicy Pizza) all times relevant to this complaint.

36. On information and belief, Spicy Pizza Corp. (dba Spicy Pizza) is a corporation organized and existing under the laws of the State of New York.

37. Upon information and belief Spicy Pizza Corp. (dba Spicy Pizza), individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

38. On information and belief, the operations of Spicy Pizza Corp. (dba Spicy Pizza) individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

39. Defendants Alfonso Valbuena and Ernestina Herrera are individuals who have been the de facto and de jure owners, officers and/or agents of Defendant Corporation during the relevant time period, and they are sued individually. Defendants Alfonso Valbuena and Ernestina Herrera have possessed and exercised operational control over Defendant Corporations, for example, they have at times relevant to this litigation determined the wages and compensation of Defendants employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendants Alfonso Valbuena and Ernestina Herrera have a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

40. Defendants operate a pizzeria where the Plaintiff worked. At all relevant times, Individual Defendants Alfonso Valbuena and Ernestina Herrera possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

41. Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42. At relevant times, each Corporate Defendant possessed substantial control over Plaintiff and other similarly situated employees working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

43. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's, and all similarly situated individuals, employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

44. In the alternative, Corporate Defendants constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between them are fictional.

45. At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

46. Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

47. Individual Defendants supervised Plaintiff's work schedules and conditions of his employment.

48. Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

49. Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

## Individual Plaintiff Luis Munoz

50. Plaintiff Munoz is a former employee of Defendants, primarily employed in performing the duties preparing pizzas, making deliveries, and washing dishes.

51. Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure, but rather was controlled by Defendants.

52. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor.

53. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

54. Plaintiff Munoz was employed by Defendants from approximately 2015 until on or about April 12, 2020.

55. Plaintiff regularly handled goods in interstate commerce, such as detergent, soap, cheese, plates, tomatoes, etc., that were produced outside of the State of New York.

56. Plaintiff's work duties required neither discretion nor independent judgment.

57. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

58. From approximately 2015 until his departure, Plaintiff Munoz worked 72 hours per week, which were required by Defendants.

59. In 2015, Plaintiff worked 11 hours per day and was paid $375 a week.

60. In 2016, Plaintiff worked 11 hours per day and was paid $375 a week.

61. In 2017, Plaintiff worked 11 hours per day and was paid $375 a week.

62. In 2018, Plaintiff worked 11 hours per day and was paid $500 a week.

63. In 2019, Plaintiff worked 11 hours per day and was paid $500 a week.

64. Plaintiff was never paid overtime for hours beyond (40) per week.

65. Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

66. Defendants never provided Plaintiff with a written notice of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants General Employment Practices*

67. Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

68. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as require by federal and state laws.

69. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain <u>accurate</u> and complete timesheets and payroll records.

70. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

71.     Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

73.     Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

74.     Defendants failed to provide Plaintiff and other employees with <u>accurate</u> wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

75. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

### FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

78. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Defendants took unlawful deductions from Plaintiff's earned wages and the FLSA Collective's earned wages.

83. Defendants, in violated of the FLSA, failed to pay Plaintiff's agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

84. Defendants failed to satisfy the FLSA's recordkeeping requirements.

85. Defendants acted willfully in their violations of the FLSA's requirements.

86. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

# SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL/)**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

89. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

90. Defendants failed to pay Plaintiff (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

91. Defendants failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Defendants, in violation of the NYLL, failed to pay Plaintiff's agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

93. Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

94. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants failed to pay Plaintiff (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

96. Defendants failure to pay Plaintiff's (and the Class) additional hour's pay for each day Plaintiff (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

97. Plaintiff (and the Class members) was damaged in an amount to be determined at trial.

98. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

100. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorney's fees.

101. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

102. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

103. Defendants acted willfully in his violation of the above-described NYLL requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and his right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c) Designating Plaintiff as a Class Representative, reasonable service awards for Plaintiff, and his counsel of record as Class Counsel;

(d) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(e) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members compensation, hours, wages, and any deductions or credits taken against wages;

(f) Declaring that Defendants violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(g) Awarding Plaintiff and the FLSA class members damages for the amount of

unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(m)     Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff damages for Defendants violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(p) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(s) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 22, 2021

                                          LINA STILLMAN, ESQ.

                                          ___/s/ *Lina Stillman*_____
                                          By:    STILLMAN LEGAL, P.C.