

**VIA ECF**
Hon. Cheryl Pollak

July 21, 2022

Re: Munoz v. Spicy Pizza
**Case Number:** 1:21-CV-02235-ENV-CLP

Your Honor,

    This firm represents Plaintiff Munoz in the above-referenced matter. Plaintiff writes jointly with Defendants to request Court approval of his settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    This joint letter will provide further support for the fair and reasonable settlement sum $25,000. The letter will also provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $8.333.33 is appropriate and fair.

    The Parties have agreed to a Settlement Agreement and General Release for plaintiff Munoz ("the Agreement"), attached hereto as Exhibit A, which resolves all of Plaintiff's wage and hour claims against Defendants Spicy Pizza and individual Defendants. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

    The parties held two mediations in this case. One with mediator Sara Kula and another with Your Honor over zoom. In both sessions, the parties were reluctant to settle over a variety of ancillary issues but counsels on both sides were able to come together to resolve those issues and reach an agreement. The Agreement then is the result of arms-length bargaining between the Parties and reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement. The parties believe that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interest and now jointly and respectfully request that the Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

*John Thompson, Esq.*

Cheryl Pollak
Eastern District of New York
July 21, 2022
Page 2

## I. Statement of the Case

This is an action for money damages brought by Plaintiff Munoz. Plaintiff filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiffs was employed to do pizza deliveries at Defendant's pizzeria-style restaurant and allege that Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay him minimum wage and overtime.

In a good faith effort to resolve this case amicably, the parties negotiated with the help of a mediator and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour claims, including back wages, liquidated damages, and interest, which amounts are set forth in the Agreement.

Defendants deny these allegations.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial. Despite Plaintiff's belief that he could obtain more money in this matter, Plaintiff ultimately chose the certainty of an agreed-upon settlement, which also allowed him to avoid the uncertainties of a possible trial. The proposed settlement also represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiffs a total sum of $25,000 to settle all his claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Here, the Parties' counsel engaged in extensive electronic settlement negotiations and were able to come to an agreement in a relatively short amount of time. Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Cheryl Pollak
Eastern District of New York
July 21, 2022
Page 3

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, the Plaintiffs' counsel will receive $8,333.33 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement and includes costs.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York in wage and hour litigation, the Plaintiffs' counsel obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Stillman has been practicing law since 2012. Prior to forming Stillman Legal, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation. Miss Stillman speaks fluent Spanish, Italian and Portuguese and is able to translate and communicate with all her clients without the need of a translator or a paralegal. She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel and the New York Chapter of the National Employment Lawyers Association.

### Conclusion

The plaintiff was represented by counsel throughout this lawsuit, and plaintiff's counsel has agreed to the settlement amount based on the approval of both his clients. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman