# SETTLEMENT AGREEMENT AND RELEASE

Alfonso Valbuena, Ernestina Herrera, Spicy Pizza Corp. (d/b/a Spicy Pizza) ("Spicy Pizza") (collectively "Defendants"), and Luis Munoz ("Plaintiff" or "Munoz"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows: of and from any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement.

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Luis Munoz.

    b. "Defendants" shall be defined as Alfonso Valbuena, Ernestina Herrera, Spicy Pizza Corp. (d/b/a Spicy Pizza).

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on April 22, 2021, in the United States District Court, Eastern District of New York, with Civil Action #: 1:21-cv-02235-ENV-CLP.

2. **Consideration**. In consideration for Mr. Luis Munoz's signing this Agreement and the release of claims as set forth in paragraph 4, Defendant Spicy Pizza agrees to make the following payments totaling Twenty-Five Thousand Dollars ($25,000):

    a. A check made payable to "Luis Munoz" in the amount of Sixteen Thousand, Six Hundred and Sixty Six Cents ($16,666.67), sent within fourteen (14) days of court approval of this Settlement;

    b. A check made payable to "Stillman Legal PC in the amount of Eight Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($8,333.33), sent within ninety (90) days of court approval of this Settlement;

    c. The payments above shall be delivered (via U.S. mail, hand delivery or nationally-recognized express carrier) to the office of Plaintiff's counsel Lina Stillman, Esq., located at 42 Broadway, 12th Floor, Suite 12-127 New York NY 10004.

    d. At Plaintiff's request, Defendant will pay any and all settlement sums to Plaintiff on a 1099 basis. Plaintiff further agrees that he is responsible for, and will pay, all applicable taxes, if any, as a result of the receipt of the Settlement Amount. Plaintiff agrees to hold Defendants harmless against, and to indemnify Defendants for, any and all claims by the Internal Revenue Service or any other taxing authority, which may be made against Defendants, arising out of or relating to the Plaintiff's failure to pay taxes on any portion of this

Doc ID: 49cfafaa639c11e93736de6b280ad9f5197aa280

settlement payment, and agrees to reimburse Defendants for any resulting payments that Defendants may be required to make to such taxing authority.

    e.  If there is a default in making the payments herein, Plaintiff or his Counsel, will give Defendants written notice of said default by sending a notice of default by email to Defendants' attorneys Mr. John Thompson, Esq. at jt@ts-firm.com. Defendants will have seven (7) days from receipt of such notice to cure the default. If Defendants do not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment against Defendants in the amount of Twenty-Five Thousand Dollars ($25,000) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

    3. **No Consideration Absent Execution of This Agreement.** Plaintiff understands and agrees he would not receive the settlement monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

    4. **Release of Claims by Plaintiff.** In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants, as well as Defendants' officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, managers, supervisors, agents, predecessors, successors, professional employer organizations, insurers, and counsel and their agents and employees ("Releasees") of and from any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement. Plaintiff further agrees and covenants that the Action will be dismissed with prejudice against Defendants based on the settlement described herein, and there has not been filed, nor will be cause to be filed, any other claims, actions or other proceedings against Defendants, as well as Releasees, at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of wages during or after employment. Plaintiff affirms that, as of the date of this release, he has been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to his, except as provided in this Agreement.

    5. **Acknowledgments and Stipulation of Dismissal.** Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice. Counsel for Plaintiff shall provide counsel for Defendants with a Stipulation of Dismissal signed by Plaintiff's Counsel in the form attached

Doc ID: 49cfafaa639c11e93736de6b280ad9f5197aa280

hereto as Exhibit A, which will be held in escrow and filed with the Court once full and complete payment is received by Plaintiff and Plaintiff's Counsel and cleared.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.

7. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

10. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

11. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

12. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

13. **No Tax Advice**. Plaintiff acknowledges and agrees that neither Defendants nor Defendants' counsel, nor Plaintiff's counsel, have made any representations to Plaintiff regarding the tax consequences of any amounts paid pursuant to this Release.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Luis Munoz was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Luis Munoz is competent to execute this Agreement.

[*Signature Page Follows*]

Doc ID: 49cfafaa639c11e93736de6b280ad9f5197aa280

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

LUIS MUNOZ

By: *[signature]*

Date: 07/03/22

**DEFENDANTS:**

ALFONSO VALBUENA

By: *[signature]*

Print Name Alfonso Valbuena

Title Alleged Manager

Date: 07 / 18 / 2022


ERNESTINA HERRERA

By: Ernestina G. Herrera

Print Name Ernestina G. Herrera

Title Owner

Date: July 17, 2022


SPICY PIZZA CORP. (dba "Spicy Pizza")

By: Ernestina G. Herrera

Print Name Ernestina G. Herrera

Title Owner

Date: July 17, 2022

4

# Exhibit A

Doc ID: 49cfafaa639c11e93736de6b280ad9f5197aa280

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS MUNOZ, individually and on behalf of others similarly situated,<br><br>      *Plaintiff,*<br>-v-<br><br>ALFONSO VALBUENA, ERNESTINA HERRERA, SPICY PIZZA CORP. (D/B/A SPICY PIZZA),<br><br>      *Defendants.* | **Civil Action #:**<br>**1:21-cv-02235-ENV-CLP.**<br><br><br>**STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for all parties, in this action, that this action having been settled by the parties, the settlement having been approved by the Court, whereas, no party hereto is an incompetent, this action is hereby discontinued with prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") including to FRCP 41(a)(1)(A)(ii), provided that settlement payments are made in accordance with the settlement agreement in this action.

  **IT IS FURTHER STIPULATED AND AGREED**, that PDF and facsimile copies of this Stipulation shall have the same force and effect as the original.

Dated: New York, New York
   July 21, 2022

STILLMAN LEGAL, P.C.:         THOMPSON & SKRABANEK, PLLC

                        */s/ John J. Thompson*

By: Lina Stillman, Esq.          By: John J. Thompson, Esq.

*Attorneys for Plaintiff*           *Attorneys for Defendants*
42 Broadway, 12th Floor         42 W. 38th Street, Suite 1002
New York, NY 10004           New York, NY 10018
Tel: 212-832-1000            Tel: 646-568-4280
Email: ls@stillmanlegalpc.com       Email: jt@ts-firm.com

Doc ID: 49cfafaa639c11e93736de6b280ad9f5197aa280

# HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Settlement - For Alfonso to Sign |
| **FILE NAME** | 2022-07-12_Spicy ... (EH signed)).pdf |
| **DOCUMENT ID** | 49cfafaa639c11e93736de6b280ad9f5197aa280 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ⊚ Signed |

## Document History

**SENT** — 07 / 18 / 2022 15:19:57 UTC-4
Sent for signature to Alfonso Valbuena (balbuealfonso@live.com) from contact@ts-firm.com
IP: 69.55.218.4

**VIEWED** — 07 / 18 / 2022 17:22:11 UTC-4
Viewed by Alfonso Valbuena (balbuealfonso@live.com)
IP: 141.149.32.116

**SIGNED** — 07 / 18 / 2022 17:30:40 UTC-4
Signed by Alfonso Valbuena (balbuealfonso@live.com)
IP: 141.149.32.116

**COMPLETED** — 07 / 18 / 2022 17:30:40 UTC-4
The document has been completed.