UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS MUNOZ, *individually and behalf of others similarly situated*,

                  Plaintiff,

       -against-

ALFONSO VALBUENA, ERNESTINA
HERRERA, SPICY PIZZA CORP. (dba
Spicy Pizza),

                  Defendants.
-----------------------------------------------------------X

**ORDER**
21 CV 2235 (CLP)

**POLLAK**, Chief United States Magistrate Judge:

     On April 22, 2021, plaintiff Luis Munoz ("plaintiff") filed this action against Alfonso Valbuena, Ernestina Herrera, and Spicy Pizza Corp. d/b/a Spicy Pizza (collectively, "defendants"), seeking damages for unpaid overtime wages, unpaid spread-of-hours wages, unlawful deductions, and violations of wage notice and wage statement requirements, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New York Labor Law ("NYLL") §§ 190, et seq. and 650, et seq., and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Title 12, § 137-1.7 and 137-3.11. (See ECF No. 1).

     The parties reached a settlement of this matter, the terms of which are set forth in the Settlement Agreement and Release, filed with the Court. (See Sett. Agr.[1]). On July 21, 2022, plaintiff filed a letter motion requesting that the Court approve the fully executed Settlement Agreement and Release as fair and reasonable under Cheeks v. Freeport Pancake House, Inc.,

---

[1] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as Exhibit A to plaintiff's Letter Motion for Settlement Approval, filed on July 21, 2022, ECF No. 22-1.

796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  (See ECF No. 22).

Plaintiff's counsel submitted her billing hours in conjunction with this motion, in addition to her

retainer agreement with plaintiff.  (See ECF Nos. 22-2, 22-3, 22-4).  On September 7, 2022, the

Court held a fairness hearing on the parties' motions.  For the reasons set forth below, the Court

approves the parties' settlement as fair and reasonable.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In his Complaint, plaintiff alleges that he worked for defendants in their pizzeria business

by preparing pizza, delivering food, and washing dishes from 2015 to approximately April 12,

2020.  (Compl.[2] ¶¶ 33, 50).  He alleges from 2015 until his departure, plaintiff worked 72 hours

per week for defendants.  (Id. ¶¶ 58-63).

Plaintiff claims that defendants failed to pay him an overtime rate of 1.5 times his regular

rate of pay for all hours worked in excess of a 40-hour week.  (Id. ¶¶ 64, 80, 89).  Plaintiff

further alleges that defendants failed to pay him one additional hour's pay at the basic minimum

wage rate for each day plaintiff's spread of hours exceeded ten hours.  (Id. ¶ 95).  Lastly, he

alleges that defendants failed to provide him with written notice of his pay rate or accurate wage

statements.  (Id. ¶¶ 65-66, 74-75, 99, 102).

Soon after the Complaint was filed, the Court referred the case to mediation on July 14,

2021.  (See Order, dated July 14, 2021).  The parties thereafter continued to engage in settlement

discussions.  (See generally Docket).  During a Status Conference held on January 19, 2022, the

parties informed the Court that they had settled.  (See Minute Entry dated Jan. 20, 2022).  As a

result, the Court scheduled a fairness hearing.  (Id.)  However, prior to holding the hearing, the

parties informed the Court that they were unable to reach a settlement agreement.  (See ECF No.

---

[2] Citations to "Compl." refer to plaintiff's Complaint, filed on April 22, 2021, ECF No. 1.

19).  Consequently, the parties instead met with the Court for a settlement conference proceeding on May 23, 2022.  (See Minute Entry, dated May 26, 2022).  The settlement discussions proved unsuccessful, and the parties were to consider their numbers.  (Id.)  Ultimately, on June 20, 2022, the parties filed a letter informing the Court that they had reached a settlement in principle and requesting time to submit their Cheeks documents for the court's approval.  (See ECF No. 21).  The parties then filed their Cheeks documents on July 21, 2022.  (See ECF No. 22).  On September 28, 2022, the parties filed their consent to jurisdiction by Magistrate (see ECF No. 23), which was then approved by the district court on October 3, 2022.  (See ECF No. 25).

The parties propose to settle this matter for a total of $25,000.  (Pl. Mot.[3] at 1; Sett. Agr. ¶ 2).  Of that amount, plaintiff is to receive $16,666.67 and plaintiff's counsel is to receive $8,333.33 in fees and costs.  (Pl. Mot. at 1, 3; Sett. Agr. ¶ 2(b)).  For the reasons set forth below, the Court approves this Settlement Agreement and Release as fair and reasonable.

## DISCUSSION

A.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (internal quotation marks and brackets omitted) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of

---

[3] Citations to "Pl. Mot." refer to plaintiff's Letter Motion for Settlement Approval, filed on July 21, 2022, ECF No. 22.

encouraging settlement of litigation")).  Courts have identified several factors to consider when

determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which
> the settlement will enable the parties to avoid anticipated burdens
> and expenses in establishing their respective claims and defenses;
> (3) the seriousness of the litigation risks faced by the parties;
> (4) whether the settlement agreement is the product of arm's-length
> bargaining between experienced counsel; and (5) the possibility of
> fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and

citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717,

at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

   "When presented with a settlement for approval, a district court's options are to (1) accept

the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a

different settlement can be achieved; or (3) proceed with litigation."  Fisher v. SD Prot. Inc., 948

F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven

though a district court has a duty to review an FLSA settlement for reasonableness to prevent

any potential abuse, this does not grant the court authority to rewrite contract provisions it finds

objectionable."  Id.  Rather, if the court finds one or more provisions of a FLSA settlement

agreement to be unreasonable, the Court must reject the proposed settlement.  See id. at 605.

   B. Settlement Terms

   The Court finds that the terms of the Settlement Agreement and Release are fair and

reasonable.  The written agreement does not contain any confidentiality clauses, non-

employment clauses, or non-disparagement clauses.  Although there is a general release of

claims, the release of claims against defendants is limited to wage and hour claims arising from

plaintiff's employment with defendants.[4]  (Sett. Agr. ¶ 4).  A release limited to the claims at

issue in this lawsuit does not offend <u>Cheeks</u>.  <u>Cf</u>. <u>Lopez v. 41-06 Bell Blvd. Bakery LLC</u>, No. 15

CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (holding that "broad general

releases" contravene the protective nature of the FLSA), <u>report and recommendation adopted</u>,

2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); <u>Gonzales v. Lovin Oven Catering of Suffolk, Inc.</u>,

No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement

agreement containing a general release "from all actions and/or claims for unpaid overtime or

wages . . . and any other actions and/or claims . . . , known or unknown" violated the FLSA).

1.  <u>Settlement Amount</u>

The parties propose to settle this matter for a total of $25,000.  (Pl. Mot. at 1; Sett. Agr. ¶

2).  In reaching this settlement, the parties acknowledge that there are risks to both sides in

proceeding with litigation, in addition to significant burdens and litigation expenses if they were

to proceed to trial.  (Pl. Mot. at 2).  Plaintiff states that he "ultimately chose the certainty of an

agreed-upon settlement" to avoid the uncertainties of a trial.  (<u>Id.</u>)  Similarly, defendants claimed

that there are clear disputes as to the number of hours that plaintiff worked, and therefore, there

would be facts that would be difficult to determine at trial.  (Sept. 7, 2022 Fairness Hearing).

The defendants generally deny the plaintiff's allegations.  (Pl. Mot. at 2).

---

[4] Specifically, the clause states: "In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants, as well as Defendants' officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, managers, supervisors, agents, predecessors, successors, professional employer organizations, insurers, and counsel and their agents and employees ("Releasees") of and from any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement."  (Sett. Agr. ¶ 4).

At the fairness hearing, plaintiff's counsel noted that the settlement amount will be less than what plaintiff is allegedly owed by defendants.[5]  However, plaintiff's counsel believes that $25,000 is fair, considering defendants' ability to pay, and it is an amount that plaintiff was willing to accept.  Defense counsel corroborated by stating that defendants' ability to pay a settlement amount has been affected by the COVID-19 pandemic's toll on small businesses and the food services industry.  Additionally, as stated earlier, this settlement was reached after a mediation session with a mediator and a settlement conference before the undersigned (Pl. Mot. at 1), in addition to multiple status conferences discussing potential settlement before the undersigned.  (See generally Docket).  The parties had thus engaged in arms-length bargaining over the course of almost an entire year.[6]

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds the settlement to be fair and reasonable.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

2.    Attorney's Fees and Costs

When determining whether  attorney's fees in FLSA settlements are reasonable, courts are to consider the factors set out by the Second Circuit in Goldberger v. Integrated Res., Inc.,: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee

---

[5] The Court notes that the plaintiff did not specify the amount he believes he is owed in either the Complaint or the Letter Motion for Settlement Approval.  Nor have defendants stated in either their Answer or the joint Letter Motion what amount, if any, would be owed to plaintiff.

[6] The parties had a mediation session with a mediator on September 14, 2021.  (See Docket Entry dated Aug. 4, 2021).

in relation to the settlement; and (6) public policy considerations." 209 F.3d 43, 50 (2d Cir. 2000); see also Allen v. Taylor, 795 Fed. Appx. 79, 80 (2d Cir. 2020).

In calculating attorney's fees, courts have used one of two methods: the "lodestar" method and the "percentage-of-recovery" method. Allen v. Taylor, 795 Fed. Appx. at 80. When using the "lodestar" method, courts multiply the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Under the "percentage-of-recovery"[7] method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)).

---

[7] This method has also been referred to as the "percentage of the fund" method.

7

Here, plaintiff's counsel has used the "percentage-of-recovery" method to seek compensation, including costs, equaling approximately 33% of the total, or $8,333.33.  (Pl. Mot. at 1, 3; Sett. Agr. ¶ 2(b)).  Plaintiff's counsel's billing records indicate that she worked for a total of 33.78 hours on the case, which equals $11,823.00 at a rate of $350 per hour.  (ECF No. 22-2).  Instead of seeking compensation for the hours worked on the case, plaintiff's counsel seeks fees representing one-third of the total settlement amount, $8,333.33, pursuant to a retainer agreement signed with plaintiff.  (Pl.'s Mot. at 3).  As noted, a one-third fee is routinely found reasonable in this circuit.  See Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2.  Accordingly, the Court finds that the attorney's fee is reasonable relative to the settlement amount, given counsel's familiarity with the work performed and the "extensive electronic settlement negotiations."  (Pl. Mot. at 2-3).  The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here.  See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

Since plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable, and approves of the attorney's fees, including costs,[8] in the amount of $8,333.33.

---

[8] The Court notes that plaintiff's counsel did not state how much these costs are or what the breakdown of such costs would be.  However, because the costs are folded into the $8,333.33 total, the Court nevertheless finds that the plaintiff's requested amount in attorney's fees and costs be found fair and reasonable.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the

Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims,

considering the amount received, the issues of potential liability that might have limited

recovery, and the fact that the parties engaged in arms-length negotiations among experienced

counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the

litigation.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335.  The Court also approves of

the counsel's reasonable request for costs and fees.

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:    Brooklyn, New York
          October 3, 2022

                                    /s/ Cheryl L. Pollak
                                    Cheryl L. Pollak
                                    Chief United States Magistrate Judge
                                    Eastern District of New York